IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK H. CLARK | : | |
| | : | |
| v. | : | CIVIL NO. L-05-195 |
| | : | |
| UNITED STATES CUSTOMS AND | : | |
| BORDER PROTECTION | : | |

**MEMORANDUM**

This is a Freedom of Information Act (FOIA) case.[1] Now pending are cross Motions for Summary Judgment. (Docket Nos. 6 and 11). The Court will, by separate Order, GRANT the government's Motion and DENY Frank H. Clark's Motion.[2]

As is explained herein, the Court is filing this Memorandum and Order as part of the public record. The Court is filing a Supplemental Memorandum under seal, which discusses information that the government provided to the Court *ex parte* for *in camera* review.

**I.   Background**

Clark, a United States citizen, travels to Jamaica three to four times each year. He alleges that every time he reenters the United States he is searched when he passes through customs. Clark states that he presents his passport to the customs agent, the agent checks the

---

[1]   5 U.S.C. § 552(a).

[2]   Also pending is the government's Motion to Strike two of Clark's filings as improper sur-replies: Clark's "Reply in Opposition to Defendant's Reply in Support of Its Motion to Dismiss" and Clark's "Motion to Strike Defendant's Pleading and for Summary Judgment." (Docket No. 12). The Court will, by separate Order, DENY the government's Motion to Strike. Accordingly, the Court has considered all of Clark's submissions in ruling on the dispositive motions.

Moreover, Clark's Motion for Summary Judgment was entitled, "Motion to Strike Defendant's Pleading and for Summary Judgment." This motion appears to be a Motion for Summary Judgment only and does not ask the Court to strike any particular document.

computer, whereupon he is taken to a separate area to be searched.  On November 17, 2002, Clark made a FOIA request to United States Customs and Border Protection (CBP) for his Interagency Border Inspection System (IBIS) file to help understand why he is searched.

Under the FOIA, a citizen is entitled to access government information that is otherwise shielded from public view.[3]  "The Act's basic purpose reflect[s] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language."[4] Accordingly, the government must release any material requested unless one of nine statutory exemptions applies.[5]  The FOIA places the burden on the government to sustain its redactions,[6] and the Court must narrowly construe the FOIA exemptions in favor of disclosure.[7]

On February 6, 2003, the government released two, one-page documents to Clark.  The documents were heavily redacted.  Along with the documents, the government furnished an explanation that it redacted some of the information pursuant to FOIA exemption § 552(b)(2)[8] and other information pursuant to exemption § 552(b)(7)(C).[9]  On May 5, 2003, Clark filed an administrative appeal.  The government dismissed the appeal and added a third basis for the

---

[3]   John Doe Agency v. John Doe Corp., 493 U.S. 146, 151 (1989).

[4]   Id. at 152 (citing Dep't of Air Force v. Rose, 425 U.S. 352 (1976)).

[5]   5 U.S.C. § 552(a)(4)(B).

[6]   See 5 U.S.C. § 552(a)(4)(B); Wickwire Gavin v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004).

[7]   See Wickwire Gavin, 356 F.3d at 591.

[8]   Information that is "related solely to the internal personnel rules and practices of an agency."

[9]   Information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

2

redactions, § 552(b)(7)(E).[10]

## II.     Procedural History

On January 24, 2005, Clark filed the instant suit. On January 12, 2006, the Court asked the government to provide the documents in redacted and unredacted form for an *in camera* review. On January 17th, the government provided the Court with the documents, and the Court placed the unredacted documents under seal.

On March 7th, the Court submitted four follow-up questions to the government *ex parte* and under seal. From an accompanying Order, which was not sealed, Clark could see that questions had been sent to the government, but he was not given a copy of the questions themselves. On March 20, 2006, the government answered the questions *ex parte* and under seal. When the government submitted its response, it included a separate cover letter stating that sealed answers had been provided to the Court. At the Court's direction, the government sent a copy of the cover letter, and only the cover letter, to Clark.

## III.    Analysis

After examining the documents and considering the additional information submitted by the government, the Court finds that the redactions are proper under exemptions § 552(b)(2) (matters related to the internal personnel rules and practices of an agency); § 552(b)(7)(C) (matters that could constitute an unwarranted invasion of the personal privacy of a third party named in the documents); and § 552(b)(7)(E) (matters that would disclose techniques and

---

[10]    Information that "would disclose techniques and procedures for law enforcement investigations or prosecutions."

procedures for law enforcement investigations or prosecutions).

> A. <u>5 U.S.C. § 552(b)(2) - information related to the internal personnel rules and practices of an agency</u>

Some of the redacted material (*e.g.* page numbers and computer codes) squarely falls under this exemption. This information does not shed light on why Clark is searched and would be useless to Clark.

> B. <u>5 U.S.C. § 552(b)(7)(C) - information that could reasonably constitute an unwarranted invasion of a third party's personal privacy</u>

The government alleges that the rest of the redacted information falls under exemption § 552(b)(7)(C) because it reveals the names and identifying information of "CBP law enforcement officers and other third parties."[11] The Court has now reviewed the unredacted documents *in camera* and agrees that the information does indeed fall within exemption § 552(b)(7)(C). The information is categorically exempted because it identifies individuals who are either "subjects, witnesses, informants, [and/or] government employees" and information concerning their activities.[12] Because the redacted information cannot be discussed on the open record, the Court will amplify its reasoning in a Supplemental Memorandum filed under seal.

**IV. Conclusion**

By separate order, this Court will grant the government's Motion Summary Judgment

---

[11] It is Motion for Summary Judgement (not filed under seal) the government stated that the redactions include the names of "CBP law enforcement officers and other third parties." (Gov't Mot. Summ. J., p. 8). The government does not state which individual is a law enforcement officer and which is a third party. It appears that the individuals could be either law enforcement officers or other third parties.

[12] <u>Balt. Sun v. U.S. Marshals Serv.</u>, 131 F. Supp. 2d 725, 728 (D. Md. 2001) (citing <u>SafeCard Serv., Inc. v. Sec. and Exch. Comm'n</u>, 926 F.2d 1197 (D.C. Cir. 1991)).

(Docket No. 6), deny the government's Motion to Strike (Docket No. 12), and deny Clark's Motion for Summary Judgment and Motion to Strike (Docket No. 11).

Dated this 28th day of March, 2006.

                                                             _____/s/_____
                                                             Benson Everett Legg
                                                             Chief Judge